**Aurweid George REICKAUER,**
**Appellant,**

v.

**W. K. CUNNINGHAM, Jr., Superintendent Virginia State Penitentiary,**
**Appellee.**

**No. 8430.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 21, 1961.

Decided Jan. 10, 1962.

Daniel J. Meador, Charlottesville, Va. (court-appointed counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. (Frederick T. Gray, Atty. Gen., of Virginia, on brief), for appellee.

Before SOPER, BOREMAN, and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of Virginia denying and dismissing petitioner's application for a writ of *habeas corpus*. The state's attorney made a reply to the petition and thereafter the court below dismissed the petition without a hearing. The court refused a certificate of probable cause. On August 2, 1961, the Chief Judge of this Court granted such certificate and the case was heard on November 21, 1961. It is admitted by the state's attorney that petitioner has exhausted his state remedies.

The petitioner alleges the following facts. He was arrested on November 7, 1952, in Hopewell, Virginia, and held incommunicado in solitary confinement for 46 days during which time he was subject to rigorous "shift interrogation". In December of 1952 he was indicted on two counts, the first charging breaking and entering into the Butterworth Furniture Company of Hopewell in the nighttime with intent to steal, and the second charging larceny of certain goods after breaking and entering. From the time he was arrested he asked to secure counsel and asked to be allowed to call Mr. Leith Bremner, an attorney whom he knew. These requests were always denied. Just before the trial the Sheriff brought in one Francis Binford, an attorney and friend of the Sheriff's, and forced petitioner to take this man as counsel or do without. Petitioner alleges that the Sheriff held $1,500.00 of the petitioner's funds which were available to the petitioner to pay an attorney. Petitioner still was not allowed to contact anyone on the outside.

At the trial, the first count was read to petitioner and he pleaded "not guilty". Thereafter a "surprise witness", a woman who was petitioner's legal wife, was put on the stand by the state's attorney and testified that she was with petitioner in the City of Hopewell at the time of the alleged offense and gave very damaging testimony concerning the prisoner's possession of stolen property. Petitioner told his "counsel" that this woman was his wife, but "counsel" said his hands were tied and advised petitioner to plead guilty because if he did not he might get a life sentence as an habitual criminal. Petitioner thereupon changed his plea and was found guilty and sentenced to ten years imprisonment. After a short break in the proceedings the second count was read and petitioner was asked to plead to it. "Counsel" again stated that his hands were tied and advised petitioner to plead guilty because his wife's testimony would only come in again on the second count if he pleaded not guilty. Petitioner announced that he understood that he had pleaded guilty to the entire indictment the first time he had pleaded and had no reason to change his plea at this time. He was found guilty and sentenced to ten years imprisonment on the second count. The Court ordered that the sentences run consecutively. Petitioner is now serving on the second ten year sentence.

The answer of the respondent contained few allegations of fact, setting out for the most part only the conclusions of the pleader. It admitted certain facts of the petition and then denied the rest by way of general denial.

The issue before us is whether or not the District Court erred in denying the petition for a writ of habeas corpus pursuant to the provisions of Title 28 U.S.C.A. § 2243, without holding a plenary hearing. The section provides that such a hearing shall be held unless it appears from the petition that the applicant is not entitled thereto. When is the applicant entitled thereto? When the petition sets forth factual allegations not patently frivolous or false which constitute a denial of the applicant's constitutional rights. Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1955). An answer from the respondent denying these allegations is not in and of itself sufficient to relieve the Court of its burden under the statute in question.

The petitioner has here alleged two fact situations, either of which

would in our opinion constitute a denial of his constitutional rights. The first of these was the prosecutor's use of perjured testimony, and the second was the deprivation of the prisoner's right to counsel of his own choosing.

There can be no question but that prosecution's knowing use of perjured testimony is a denial of due process in violation of the Fourteenth Amendment. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 1217 (1959). See also the cases cited in Napue v. Illinois at p. 269, 79 S.Ct. at p. 1177. The facts alleged bring the case squarely within the principle announced and applied in the above decisions. The petition alleges that the testimony of Mabel Lee Tabor was perjured and that this was known to the police and the Commonwealth's Attorney; that it was procured by threatening her with indictment for receiving stolen property. The fact that this record contains a marriage certificate showing that a marriage ceremony was performed between the witness and the petitioner prior to the date of the trial, and the fact that the record contains an affidavit of the prosecution which concedes that Mrs. Tabor was a "surprise witness" introduced last in the trial whose presence was concealed from the defendant lends some credence to the allegation that her testimony was procured by threat and force. Furthermore the petition is precise in its statement that the witness will now testify that her former testimony was false and that its falsity was known to the prosecution.

Certainly these allegations prima facie raise a constitutional issue which cannot be brushed aside on the basis of a formal denial nor does the record as a whole indicate that the allegations are patently false and frivolous.

The respondent contends that the accusation of using perjured testimony is not relevant to this appeal. His reasoning is that the so-called perjured testimony was given in the trial on the first count; that the petitioner plead guilty to the second count and is now serving his sentence under this second count; therefore, we cannot consider what happened in the first "trial" as relevant here. The contention is wholly without merit. The two trials, so-called, were one interrelated proceeding. They took place fifteen minutes apart. There was one indictment. They involved the same incident. The false testimony was admissible under both counts. It was obviously the factor which led him to change his plea from not guilty to guilty in the first count and was equally impelling on him in the second count. The protection of the Constitution cannot be denied upon such a technicality.

The second fact set forth in the petition which constitutes a violation of the petitioner's constitutional rights is that he was denied counsel of his own choosing. The petitioner alleges that he "begged and plead with the officials" to allow him to write to Mr. Leith Bremner, an attorney of Richmond. He further alleges that he was prevented by the state officials from contacting any lawyer. Instead, he was compelled to accept the services of an attorney who was brought to him by the Sheriff. He, therefore, had to accept this lawyer or go without counsel. The affidavit of counsel of record does not altogether refute this statement. It states that he was called from Baltimore by some person whose identity was not disclosed to him and as a result of the call he went to the jail and offered his services to the petitioner, who accepted him. Under these circumstances the petitioner could very well have accepted the attorney under the belief that he had no other choice.

Certainly the petition alleges precise and distinct facts which if true show that the petitioner was denied counsel of his own choice. Such denial violates the due process clause of the Fourteenth Amendment and renders his conviction and sentencing void. This right is absolute and no showing of special circumstances is necessary. Holly v. Smyth, 280 F.2d 536 (4 Cir. 1960), Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). This is not the situation

where the court is requested to appoint counsel for a defendant as in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942). The further allegations of the petition lend support to the petitioner's complaint. The facts that counsel for the defense permitted the prisoner's wife to testify against him without raising any objection, and that defense counsel was not present during a conference between the judge, the prosecuting witness, and the prosecutor are significant. These factors which are at least in part substantiated by the record remove the allegations of the petition from the category of patently frivolous and false charges.

Accordingly, we feel from a study of the whole record that the judgment of the District Court should be reversed and the case remanded in order that the petitioner may have a plenary hearing upon his petition.

Reversed and remanded.