**UNITED STATES of America, Appellee,**

v.

**Carmen TERRANOVA, Appellant.**

**No. 27610.**

United States Court of Appeals Second Circuit.

Argued Oct. 19, 1962.

Decided Oct. 25, 1962.

---

**2.** Compare Flying Eagle Publications, Inc. v. United States, 273 F.2d 799 (C.A. 1, 1960)

Irving Younger, New York City, for defendant-appellant.

Peter Fleming, Jr., Asst. U. S. Atty. (Vincent L. Broderick, U. S. Atty. for the Southern Dist. of New York, on the brief; Arthur I. Rosett, Asst. U. S. Atty., of counsel), for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

## PER CURIAM.

This is an appeal from a judgment of conviction entered on May 4, 1962 in the United States District Court for the Southern District of New York before Judge Levet, without a jury. The indictment included four counts. The first charged that appellant and co-defendants Sheila LaBranche and Marie Britton conspired to deal in counterfeit Federal Reserve Notes, in violation of 18 U.S.C.A. § 371. The second count charged unlawful possession of counterfeit notes by appellant in violation of 18 U.S.C.A. § 472. The third and fourth counts did not name appellant. Co-defendants of appellant pleaded guilty to the first count. After several adjournments, motions for suppression of evidence and for reduction of bail were denied on April 2, 1962 and Judge Levet notified appellant's retained counsel, Miss Frances Kahn, that the case would be tried at the conclusion of the next case on his calendar. It appears that on April 10, 1962 Miss Kahn advised the Assistant United States Attorney in charge of the case that she was engaged in another trial, but that Vincent J. DeRosa had interviewed appellant and would represent him at the trial on April 12.

At the outset of the trial appellant first stated that his lawyer was Miss Kahn and not Mr. DeRosa. He then asked for and received permission to discuss the matter with DeRosa, after which he notified the court that he consented to have DeRosa try the case for him. The defendant then moved for reduction of bail for the alleged purpose of permitting him to locate witnesses. After the motion was denied, DeRosa announced to the court, "In the event we cannot get bail reduced, your Honor, the defendant has instructed me to go on with the trial but he will remain mute and has instructed me to remain mute also." The trial proceeded and resulted in the conviction of appellant on counts one and two, with five year sentences to run concurrently imposed on each count.

For purposes of this appeal appellant concedes that the Government proved the allegations of the indictment and that the evidence adduced at trial, standing alone, is sufficient to warrant Judge Levet's finding of guilt. Appellant makes a single claim before this Court: "that he was tried without the effective assistance of counsel." We find this claim to be without merit and therefore affirm the judgment below.

Counsel for Terranova, in his presence, notified the court of appellant's decision to stand mute. The choice of counsel and the decision as to the extent of participation of counsel in trial proceedings is for the defendant to make. He cannot manipulate that right so as to interfere with the fair administration of justice. United States v. Arlen, 252 F.2d 491 (2 Cir. 1958); Hensley v. United States, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960). Standing mute will not create justiciable issues for review. United States v. Bando, 244 F.2d 833, 845–846 (2 Cir., 1957), cert. denied, 355 U.S. 844, 78 S.Ct. 67, 2 L.Ed.2d 53. "Justice is not a game." United States v. Paglia, 190 F.2d 445, 447 (2 Cir., 1951).

The judgment is affirmed.