**Wilbur M. CLEVELAND, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17012.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1963.

Decided May 29, 1963.

Certiorari Denied Oct. 21, 1963.
See 84 S.Ct. 157.

Mr. Harold L. Winston, Washington, D. C. (appointed by this court), for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., Mr. Frank Q. Nebeker, Asst. U. S. Atty., and Mr. Arthur J. McLaughlin, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Mr. Barry Sidman, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

PER CURIAM.

Appellant Cleveland was indicted for bribery and, upon arraignment on July 14, 1961, pleaded not guilty. He moved to proceed *in forma pauperis*, the motion was granted, and on July 21, 1961, counsel was appointed. Trial was set for August 16th. On August 15th he moved *pro se* for a mental examination, which motion was granted and he was sent to St. Elizabeths Hospital. While there he filed two more *pro se* motions, without the knowledge of counsel. A hearing on these motions was twice continued to await the hospital report. This was received on December 6, 1961, and reported Cleveland to be without mental disease or defect and competent to stand trial. On December 8, 1961, he was released on bond. Meanwhile trial had been continued from August 15th, August 29th and September 26th, and thereafter from December 13th.

The *pro se* motions came on for hearing on January 10, 1962. During the hearing appointed counsel advised the court that he had received a phone call and a letter from the Director of the Legal Intern Program at Georgetown Law Center, informing him that Cleveland had sought the assistance of a lawyer from that office. The court thereupon said that "If this gentleman representing the legal internship wants to evidence his desire, formally, by entering a praecipe of appearance for this man, that is all right. I will let you [appointed counsel] out." The court set the trial for January 31, 1962. The appearance of the intern (of course a member of the bar of the District Court) was entered, and appointed counsel was allowed to withdraw. The trial was rescheduled for February 6, 1962.

When on that date the defendant appeared with his counsel (the Georgetown Legal Intern) before the assignment judge, another member of the bar informed the court that he was prepared to enter an appearance as retained counsel if the court would grant a two-day continuance. A colloquy ensued, in the course of which the attorney stated that he was "holding money based on a continuance" but that the money had not been accepted. The court assigned the case for trial. The lawyer who had made the request for a continuance did not enter an appearance.

That afternoon the matter came on for trial. Counsel for Cleveland (the Georgetown Intern) approached the bench and stated:

"This defendant has refused to cooperate with me. He had counsel before I was appointed and he has asked for other counsel. He has attempted to get a two-day continuance and we went before Judge McGuire and Judge McGuire denied my motion this morning for a continuance and to get other counsel.

"We had another uproar when the defendant's bond was revoked. He had apparently tried to retain counsel but after all, I remained and he still refuses to cooperate with me. He refuses to take the stand [actually defendant took the stand] or to discuss the case with me. The only thing I know of the case is what I could gather from the Court file. I can't make an opening statement because there is nothing to say. He refuses to take the stand. He also disclosed he has no witnesses to testify in his behalf. I am going to waive an opening statement.

"I also should state for the record my own opinion: I feel I cannot give the defendant the most effective of assistance of counsel possible. Since Judge McGuire tells me I have to go through with it, I have to do my best.

"THE COURT: That is all you can do.

*  *  *  *  *  *

"He also told Judge McGuire he didn't want me to represent him because I was from the Georgetown Student Legal Intern Program."

The trial court was of opinion that he could not review the assignment judge's ruling, adding, "I think we will have to do the best we can with an unfortunate situation." Cleveland was convicted.

Appellant now contends the assignment judge, by denying him the two-day continuance, deprived him of his constitutional right to counsel of his own choice. We find no validity in this contention. Cleveland had requested and been granted court-appointed counsel more than six months before the case was called for trial. He later sought, and with the approval of the court was permitted to have, the assistance of other counsel. The trial had already been continued several times. The trial judge took the trouble to congratulate defense counsel at the end of the trial upon his handling of a difficult case.

Of course the right to counsel is one of the important basic rights, and the right to choose one's own counsel is a vital element in that basic right. Troublesome questions can arise in this field. In the case before us counsel for Cleveland earnestly presses upon us the view that the upshot of the assignment judge's refusal to continue the trial for two days was that the defendant was required to face a serious criminal charge represented by a lawyer "he didn't want" and a lawyer who himself felt that he could not "give the defendant the most effective * * * assistance of counsel possible." Counsel urges that when the constitutional right is pitted against the inconvenience of delay a substantial presumption must be indulged in favor of the former. This is true, but in the case at bar Cleveland is not asserting a bare right to counsel or to choose his own counsel. He is asserting a right to a *third* choice. He had first chosen to have the court appoint counsel for him; this was done. He then chose to have a lawyer from the Intern program; this

was granted. Then on the day of the trial he advanced a third choice, i. e., retained counsel. The problem here is not the right to counsel or the right to counsel of the defendant's choice. It is whether another continuance was required to allow the defendant to exercise the right to a third choice. We think that, under the circumstances of this case, the assignment judge could reasonably have concluded that it was not.

Affirmed.