J. Irwin Shapiro, J.
This is a motion in the nature of a writ of. error coram nobis brought on the contention that defendant was denied his right to retain and be represented by counsel of his own choosing, and .that he was forced to trial with counsel assigned to him by the court whom he did not want. .
Defendant was arraigned on November 21,1961 at which time the court assigned counsel to represent him. A plea of not guilty was entered. Upon .the defendant’s next appearance in court on January 24, 1962 he informed the trial court that he did not want the counsel assigned to him, and asked for an adjournment in order to be able to retain counsel of his own choosing, At the same time, the court-assigned counsel moved to withdraw his representation of the defendant and only proceeded to trial, under protest, when his application for leave to withdraw was denied.
The polloquy in that regard is as follows:
“ the court : What do you want to say?
... “.defendant FARACEY: I got a visit Friday night, and my sister said she is retaining Leo Healey,
*47 < i THE COURT: Not now; not at the last minute. Take him out.
Your Honor, I am not going to proceed with 1 ‘ MR. KESHER: this trial."
“ the court: You cannot withdraw at this late date.
'‘1 mr. kesher: Free, I should take abuse from him?
“ the court: What abuse are you taking?
‘ ‘ mr. kesher : He says he doesn’t want me.
“ the court: I don’t care whether he doesn’t want you at this "stage. This is a new. gimmick with which our courts are being plagued. At the last moment, when the case is about to be tried, they don’t like the lawyer; they don’t want the lawyer; they are going to retain their own lawyer, and this is just a . gimmick to throw a monkey wrench into the machinery of the law. They will not get away with it.
“ You will have to proceed with the trial of the case.
“ mr. kesner: . I will put on the record that you are forcing me to go on;
“ the court:' I am directing you to go on.”
The error complained of on this application is one that may be rectified by coram nobis even though it appears as a matter of record. (People v. Hannigan, 7 N Y 2d 317; People v. Silverman, 3 N Y 2d 200, 202.)
In Hannigan, the court said (p. 318): “ Although it is the general rule that coram nobis will not lie to correct errors appearing on the face of the record [citing case], this court recognized an exception in a case where the trial court denied to a defendant his right to counsel of his own choice (People v. Silverman, 3 N Y 2d 200, 202).”
In Silverman {supra, p. 202) the court said: “ Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record [citing case].” It is clear on this record that the defendant was forced to trial with assigned counsel whom he did not want and at a time when he indicated his intention of retaining counsel of his own choosing. Long experience in- criminal cases makes it obvious that the device of discharging counsel, whether assigned or retained, on the eve of trial, is often used as a dilatory tactic to delay the day of reckoning, and where counsel is discharged, or where the demand for a change of counsel is made in bad faith, the trial court is justified in directing the defendant to proceed. In such event, no constitutional rights of the defendant are violated. (Cf. People v. Higgins, 23 A D 2d 504.)
However, where, as here, the defendant on his very first personal appearance in court, after the day of arraignment, asks *48 for the discharge of his assigned counsel and for a reasonable opportunity to obtain counsel of his own choosing, a refusal to grant such a request is a denial of his constitutional rights to be represented by counsel of his own choice, and this despite the fact that he may “ have been expertly defended at the trial.” (People v. Snyder, 297 N. Y. 81, 93, concurring opinion of Judge [now Chief Judge] Desmond.)
In People v. McLaughlin (291 N. Y. 480, 483) the defendant was indicted in January of 1940. He was brought to trial on June 25, 1940, at which time he stated “ I have to get a new lawyer ’ ’. The court, nevertheless, forced him to trial with assigned counsel. In reversing and ordering a new trial, the court said: “This fundamental right (to counsel) is denied to a defendant unless he gets reasonable time and a fair opportunity to secure counsel of his own choice and, with that counsel’s assistance, to prepare for trial ”. (See, also, in this connection, People v. Price, 262 N. Y. 410; People v. Douglas, 19 A D 2d 455; People v. Di Salvo, 19 A D 2d 747; People v. Page, 17 A D 2d 782.)
Expedition in the trial of cases is a desirable goal, but it may not be achieved by the invasion of a defendant’s constitutional rights. Under the circumstances here existing denial by the trial court of the defendant’s desire to be represented by counsel of his own choosing deprived the defendant of the elementary prerequisites of a fair trial.
The court is therefore constrained to sustain the writ of error coram nolis.