**UNITED STATES ex rel. Charles HIGGINS, Petitioner,**

v.

**Edward FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**65 Civ. 3601.**

United States District Court
S. D. New York.

March 28, 1966.

affirmed without opinion. Consequently, petitioner has exhausted the state remedies available to him as required by 28 U.S.C. § 2254, and the state does not argue to the contrary.

Petitioner urges this court that his detention pursuant to the judgment of conviction is in violation of his rights under the Fourteenth Amendment to the Constitution in that he was compelled against his wishes to stand trial without the assistance of counsel.

The facts which lead up to this allegation are a matter of record and not in dispute. During the initial stages of petitioner's trial, he was represented by a court-appointed attorney—Philip Edelbaum, Esq. of the Legal Aid Society. After two prosecution witnesses had testified, Mr. Edelbaum sought and obtained permission to approach the bench. He then informed the trial judge that petitioner no longer wished Edelbaum to represent him but desired to hire his own attorney.[1] Out of the presence of the jury, the trial judge thereupon informed petitioner that he had no right to change lawyers once the trial had begun. He also told Higgins that he would either have to proceed with Mr. Edelbaum as his attorney or represent himself. Higgins suggested that he wished to discharge Mr. Edelbaum but insisted that he wanted a "paid lawyer". He never stated positively that he wanted to proceed *pro se,* nor did he indicate that he wished to proceed without Mr. Edelbaum if he were not permitted to retain another lawyer. The court thereupon informed Mr. Edelbaum that he had been discharged by his client and that thus he was no longer needed in the court room. During the course of the colloquy between the judge, petitioner and his attorney, Higgins at one point apparently made a threatening advance toward the bench and in the process either picked up or overturned a table. Accordingly, the judge ordered petitioner to be handcuffed. Higgins remained handcuffed for the duration of the trial.

Anthony F. Marra, and John C. Danforth, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, by Joel Lewittes, Asst. Atty. Gen., for respondent.

TYLER, District Judge.

This is an application for a writ of habeas corpus made by Charles Higgins ("petitioner") pursuant to 28 U.S.C. § 2241. Higgins is presently confined in Green Haven Prison, Stormville, New York serving a sentence of from ten to fifteen years. The sentence was imposed upon petitioner as a second felony offender by the Supreme Court of New York, Kings County (Liebowitz, J.) on April 25, 1963 after conviction by a jury of attempted robbery in the second degree, attempted petit larceny and assault in the second degree.

Petitioner appealed *in forma pauperis* the judgment of conviction to the Appellate Division, Second Department. The judgment of conviction was affirmed on January 25, 1965. On July 9, 1965, the New York Court of Appeals

---

1. The relevant portions of the colloquy between Judge Leibowitz, Higgins, and Mr. Edelbaum appear at SM 53 to 58.

After the aforementioned colloquy in the absence of the jury, the trial was resumed, with Mr. Edelbaum absent from the court room, and the handcuffed petitioner representing himself. Four additional witnesses were called for the prosecution. Higgins made no attempt to cross-examine any of these witnesses. After the prosecution rested, he made no motions, presented no witnesses, offered no evidence in his behalf, did not take the stand and made no closing argument.

When the jury indicated that it had reached a decision and had returned to the court room, but before the verdict had been announced, the judge told petitioner that Mr. Edelbaum could represent him "on the taking of the verdict". Higgins responded that he would accept Mr. Edelbaum's representation. After the verdict of guilt was announced, Mr. Edelbaum moved for a mistrial on the ground that Higgins was not represented by counsel during a substantial portion of his trial. This motion was denied.

■■■ The Sixth Amendment to the Constitution guarantees that "[I]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Since the Sixth Amendment, made binding on the states by the due process clause of the Fourteenth Amendment,[2] constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a state court's authority to deprive an accused of his life or liberty. When this right is properly waived, however, the assistance of counsel is no longer a necessary element of the court's jurisdiction.

Turning now to petitioner's principal allegation, it is clear that if Higgins did not waive his right to counsel, the state court conviction is void and petitioner is being held illegally. For reasons to be delineated hereinafter, I hold that under the circumstances pertaining, Higgins did not waive his right to counsel and thus, in substantial effect, was compelled to continue the trial without counsel in contravention of accepted principles of due process.

■■■ In Johnson v. Zerbst, 304 U.S. 458, at 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), the Supreme Court, in holding that the right to counsel had not been waived, stated:

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' "[3]

The test established in Johnson v. Zerbst, supra, at page 464, 58 S.Ct. at page 1023 is whether there has been "an intentional relinquishment or abandonment of a known right or privilege." Determination of this often difficult question rests with the trial judge. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Not only should the trial judge determine that waiver has been intelligently and intentionally effected, but also, it has been said, the trial court's determination thus should clearly appear on the record. Ibid. at 71, 62 S.Ct. 457.

The Court of Appeals for this circuit has held that unless a defendant makes a "clear cut statement" that he intelligently wishes to proceed without counsel, it is error to allow the trial to commence or continue without providing legal assistance for the accused. United States v. Curtiss, 330 F.2d 278, 280, 2 Cir. 1964. In *Curtiss*, defense counsel informed the trial judge that defendant no longer wished his services and desired to discharge him. The trial judge dismissed the attorney; however, the court also directed counsel to remain by defendant's side during the trial. With little or no effort to consult with counsel, the defendant attempted to represent himself as best he could. On appeal from the con-

2. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

3. See also Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 (1955); Griffith v. Rhay, 282 F.2d 711, 9 Cir. 1960.

viction, the Court of Appeals held that the trial judge had erred in not fully explaining to the defendant the alternatives available to him as far as counsel was concerned. It stated further, "Of course the judge need not have appointed other counsel beside Mr. Kaplan unless Curtiss showed good cause * * * but it was erroneous to require him to try his own case without a *clear cut statement* that he intelligently wished to do so." (emphasis added). United States v. Curtiss, supra 330 F.2d at 280. Admittedly, the circumstances in *Curtiss* are distinguishable from the case before this court; indeed, the *Curtiss* case was on direct appeal from a judgment of conviction in a federal trial court. Nonetheless, it must be read to shed strong light upon the often difficult task of assuring proper waiver of the constitutional right to counsel.

Perhaps somewhat closer on its facts to the case at bar is Patton v. State of North Carolina, 315 F.2d 643, 4 Cir. 1963, which dealt with an appeal from a denial of a writ of habeas corpus. Patton was convicted of armed robbery in a North Carolina court. On the day that trial began, he informed the court that he wished to dismiss his attorney and retain another lawyer. The trial judge allowed counsel to withdraw and gave Patton an opportunity to obtain another lawyer. Despite his efforts, Patton was unable to do so. Finally, the trial judge proceeded to the trial of the case with Patton representing himself. But, as the jury was being picked, once again the defendant indicated his desire to obtain a lawyer. At the court's direction, the trial proceeded without delay—and with defendant representing himself. The Court of Appeals for the Fourth Circuit held that under these circumstances Patton had not "intelligently and understandingly" waived his right to counsel.

Returning to the Court of Appeals in this circuit, it has held in a very recent case that a defendant has a constitutional right to proceed *pro se.* United States ex rel. Maldonado v. Denno, 348 F.2d 12, 2 Cir. 1965. Like *Patton,* this was an appeal from a district court decision granting a writ of habeas corpus to obtain the release of a state prisoner. The latter had been assigned counsel; however, on the day trial was to begin, he moved to dismiss his assigned counsel and for the appointment of another attorney. The trial judge denied this motion without allowing petitioner an opportunity to explain why he desired different counsel. Thereupon petitioner moved for permission to proceed *pro se,* which motion was also denied. In affirming issuance of the writ, our Court of Appeals stated that although a person has a constitutional right to represent himself, "the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right." United States ex rel. Maldonado v. Denno, supra at 15.

■■ After carefully examining the cases dealing with waiver of constitutionally guaranteed rights and upon study of the entire record of the proceedings of this case in the New York courts, I conclude that the trial judge failed to adequately protect the constitutional rights of Charles Higgins. It is certainly true, as the trial judge explained to Higgins, that the latter had no constitutionally protected right to change lawyers once the trial had begun and two witnesses had testified, absent some extremely compelling reason. See United States ex rel. Hyde v. McMann, 263 F.2d 940, 2 Cir. 1959; United States v. Gutterman, 147 F.2d 540, 2 Cir. 1945; United States v. Mitchell, 138 F.2d 831, 2 Cir. 1943. But, after being told that he would either have to continue with his assigned counsel or proceed *pro se,* Higgins refused to make an election and continued to assert that he wanted to retain his own lawyer. It was at this point that the trial judge dismissed Mr. Edelbaum, stating to him that petitioner no longer wished to be represented by him. While Higgins had said on one occasion, prior to the trial judge's explanation of the alternatives available to him, that he no longer wished to be represented by Mr. Edelbaum, at no time during the entire

trial did he make a "clear cut statement" that he wished to proceed *pro se*. In truth, then, there is no indication in the record that Higgins intelligently and knowingly intended to "relinquish or abandon" his right to be represented by counsel.[4] See Johnson v. Zerbst, supra. Indeed, though petitioner never stated unequivocally that he wanted to proceed *pro se*, which is required by *Curtiss* and *Patton*, that he did not wish to proceed *pro se* should have been clear to the trial judge when, after Mr. Edelbaum had left the court room and the jury had returned, the trial judge proceeded to explain to the jury that for legal reasons Mr. Edelbaum was no longer representing petitioner and that petitioner was going to represent himself. It was at this point that Higgins stated that he did not wish to proceed and reiterated his desire to get a "paid lawyer".[5]

 To be sure, Higgins resorted to some distressingly obvious gambits designed to delay the proceedings. But none of Higgins' antics diminished the clear duty of the trial court to painstakingly inform him of his rights and alternative courses to obtain them. In sum, the court could have simply denied Higgins' request for a new attorney and ordered Mr. Edelbaum to continue to represent petitioner.

The crimes charged against Higgins were serious ones; if convicted, as petitioner was, he stood a good chance of losing his liberty for a long period of time. Higgins required "the guiding hand of counsel at every step in the proceedings against him." Powell v. State of Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 64, 77 L.Ed. 158; see also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). At trial, he sat handcuffed and silent, making no effort to exculpate himself. Perhaps especially under these circumstances, it was the duty of the trial judge to refuse to "presume acquiescence in the loss of fundamental right." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

For the reasons set forth, this petition is granted and the writ will issue.

Issuance of the writ will be stayed and an order discharging petitioner from custody will be withheld until April 27, 1966. If on or before April 27, 1966 the state submits proof that an appeal from this order has been taken to the Court of Appeals for the Second Circuit, or that a new trial of petitioner has been scheduled, the writ will not issue, nor an order made discharging petitioner from custody, until the state is heard further.

If no such proof is submitted by the state on or before April 27, 1966, the writ will issue and the petitioner be forthwith discharged from custody.

So ordered.

---

4. The fact that petitioner did not knowingly waive his right to counsel is reinforced by the event which occurred after the jury had reached a decision and prior to the verdict. When the trial judge asked petitioner whether, at that late stage, he wished to be represented by Mr. Edelbaum for the duration of the trial, petitioner stated unequivocally that he would accept Edelbaum's assistance.

5. See Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), where the court said, in footnote 10 at 516, that an allegation of a request for counsel is tantamount, obviously, to a denial of waiver.