Nathaniel **RAULLERSON**, (Prison No. 34825), Petitioner,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Respondent.

Civ. A. No. 67-C-272.

United States District Court
D. Colorado.

Aug. 29, 1967.

---

Richard H. Duke, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen. of Colorado, John P. Moore, Asst. Atty. Gen., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This cause is before the court on petition seeking writ of habeas corpus. In our order of June 2, 1967, we considered and disposed of most of the issues raised in the petition. We issued an order to show cause in connection with petitioner's contention that his constitutional rights had been violated when the court denied his demand for a continuance to allow him to be represented by counsel of his own choice. The cause was heard on June 30, 1967 and it now stands submitted.

In our June 30 Order we noted that the charge was heinous, that the sentence was of great magnitude (50 years), and that the question was of a kind which could have constitutional implications. Because of these factors we noted the necessity for careful scrutiny.

The facts giving rise to this are as follows:

Petitioner was arrested in May 1962 on a charge of assault with a deadly weapon, kidnapping and rape; the victim was an eleven-year-old child. On June 26, 1962, following a showing that the Petitioner was without funds, the state judge appointed two Denver lawyers to represent him. Both of these are able, experienced trial lawyers. At his arraignment on June 29, 1962, the Petitioner entered a plea of not guilty by reason of insanity. Subsequently he was committed to the Colorado General Hospital for psychiatric evaluation. Following the completion of this he was returned to court on August 9, 1962 and was reported sane at the time of the alleged commitment of the offense and since that time. The court nevertheless set a hearing on the sanity issue for November 11, 1962. Meanwhile, on November 7, the appointed lawyers filed a motion to withdraw in which they stated that the Petitioner had not cooperated with them and did not wish them to represent him; that he had advised his witnesses not to talk to them and had requested their withdrawal from the case. On November 13, 1962, the court heard this motion and denied it. On that same day the Petitioner was allowed to withdraw his plea of not guilty by reason of insanity and to enter a plea of not guilty. At this November 13 hearing Mr. Irving Andrews, who is also a Denver lawyer, appeared and informed the court that the Petitioner's mother had paid him a retainer on a conditional basis: the condition was that he (Andrews) would be able to secure a continuance so as to prepare the case for trial. On this occasion there was a lengthy discussion between the court and the petitioner, also Mr. Andrews. Mr. Andrews then advised the court that he would need something more than 30 days to make his preparation. The court was willing to give him this length of time and then an effort was made to find a date on which Andrews could try the case. Judge Johns, who was presiding, offered him three different dates. One of these

was January 3, 1963, another was December 10, 1962 and the court finally offered December 17, 1962. Mr. Andrews was not by reason of conflicting engagements able to meet any of these dates. It also appeared that Judge Johns was to be transferred to the civil division on January 10 and that he was anxious to complete the case prior to this changeover. As a result of this long searching discussion which is fully set forth in the state court transcript of proceedings which we now have before us, Judge Johns set the case for trial on December 17. He informed the defendant that he was perfectly willing to have him represented by the lawyer of his own choosing, provided that lawyer could try the case on that date. The court said:

"THE COURT: All right, we'll try it if we have to bring in two judges, on Monday, December 17th. If you can be ready for trial on that date, Mr. Andrews, fine; if you can't be ready for trial on that date the court-appointed counsel will remain in this case.

MR. ANDREWS: I think that is the only thing to do, Your Honor, and I concur.

THE COURT: As far as I am concerned, I want the record to reflect that Mr. Fugate and Mr. Hermann are both competent counsel, and I don't think there is any question about that.

MR. ANDREWS: I don't think there is any question about that either, your Honor.

THE COURT: Let me make my record. And that the Court feels that to permit them to—require that they withdraw on the grounds stated by Mr. Raullerson would be to thwart the spirit of the Constitution. Mr. Raullerson, the Court is here, here are your attorneys, there is the jury box; all we can do is give you every protection that is possible, and that is what we will do."

On December 18th the case came on for trial, and on that occasion there was another lengthy discussion between the court, counsel and the defendant. Defendant again objected to being represented by the court-appointed lawyers. The Judge's response was that he had given ample opportunity to get counsel of his own choosing and he went on to say:

"This case has been set down for a long time, since the time you represented to the Court that you didn't have counsel and that you were a pauper and I appointed counsel for you. Counsel who have been appointed for you are both admitted to the bar of the State of Colorado and are in good standing, and in this Court's opinion are competent counsel. The Constitution and the laws of the State of Colorado, and the Constitution and the laws of the United States require that if a person is indigent, that it is incumbent upon the Court to protect that person's rights, and the Court feels that it has done so, and there has been no preclusion in your getting counsel of your own choice up to this time. You can't move at the last minute, just because you might feel that you might be dissatisfied with your own counsel, to ask for a continuance and delay this trial. This situation could go on forever.

THE DEFENDANT: Well, your Honor, I would also like to state that in November, around the 7th, that I did—I informed the attorneys that I was engaging counsel of my own choice, Mr. Irving Andrews, Mr. Andrews was engaged to represent me, and I was only informed this morning that he would not be able to accept this case.

THE COURT: You were in Court when Mr. Andrews said—when I gave him an opportunity to enter this case, and I told him that if he was going to enter this case I would withdraw these counsel, and he never did make a formal entry of appearance in this case."

It thus appears that the Petitioner had qualified as a pauper; that competent counsel were appointed to represent him and that some four and one-half months

later he objected to their representing him. At that point he continued to be indigent, but apparently his mother manifested some willingness to obtain counsel for him. Mr. Andrews, the lawyer, did not, however, enter his appearance. Andrews did tender his services conditionally and so the question is whether the setting of the case for trial on December 17 and the refusal of the court to find a time fully acceptable to Mr. Andrews and the defendant constitutes such an abuse of discretion as to amount to a violation of petitioner's constitutional right to be represented by counsel of his own selection.

■ The Sixth Amendment of the Constitution of the United States provides:

\* \* \* " [i]n all criminal prosecutions, the accused shall enjoy the right \* \* \* to have the Assistance of Counsel for his own defence."

This right is incorporated in the Fourteenth Amendment and includes within its scope the right to a fair opportunity to secure counsel of one's own choice.[1] It goes without saying that this "fair opportunity" to obtain counsel of one's own choice does not give the accused the power to obstruct the ordinary procedure of the court and to deprive the court of its power to control its docket.[2] One who is indigent is, of course, guaranteed the right to have counsel in all criminal proceedings and indeed at every level of such proceedings.[3]

■ This right of an *indigent* to have counsel does not give to him the right to be represented by a lawyer of his own choice. The court in this circumstance is obligated to furnish him with a capable lawyer but he must accept the court's appointee, although he may ask for a substitution which will, in the court's discretion, be granted or refused, depending on the reasonableness of the demand.[4]

On the matter of granting a continuance, the court has a measure of discretion and there are not any mechanical tests to govern the granting or denial.[5]

The problem before us is somewhat novel and we have reviewed numerous cases which though not directly in point in that they do not involve an indigent are somewhat similar in character.[6] Some of the features which are considered in the noted cases are whether the defendant has been shown to have in bad faith sought to delay the trial; whether

1. Crooker v. State of California, 357 U.S. 433, 439, 78 S.Ct. 1287, 1291, 2 L.Ed.2d 1448 (1958); Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954).

2. Lee v. United States, 1956, 98 U.S. App.D.C. 272, 235 F.2d 219; Releford v. United States, 9th Cir. 1961, 288 F.2d 298; United States v. Terranova, 2 Cir. 1962, 309 F.2d 365; United States v. Bentvena, 2 Cir. 1963, 319 F.2d 916; United States ex rel. O'Neill v. Rundle, D.Pa.1964, 230 F.Supp. 323; Leino v. United States, 10th Cir. 1964, 338 F.2d 154.

3. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); Van Nattan v. United States, 10 Cir. 1966, 357 F.2d 161.

4. Tibbet v. Hand, 10th Cir. 1961, 294 F.2d 68; Rogers v. United States, 10th Cir. 1963, 325 F.2d 485; Reiff v. United States, 9th Cir. 1962, 299 F.2d 366; United States v. Burkeen, 6th Cir. 1966, 355 F.2d 241; Valarde v. People, 156 Colo. 375, 399 P.2d 245 (1965).

5. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964), also Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

6. Walleck v. Hudspeth, 10th Cir. 1942, 128 F.2d 343; MacKenna v. Ellis, 5th Cir. 1959, 263 F.2d 35; Reickauer v. Cunningham, 4th Cir. 1962, 299 F.2d 170; Gomez v. Heard, S.D.Tex.1962, 218 F. Supp. 228; Goforth v. United States, 10th Cir. 1963, 314 F.2d 868; Lee v. United States, supra; United States v. Arlen, 2nd Cir. 1957, 252 F.2d 491; United States v. Abbamonte, 2nd Cir. 1965, 348 F.2d 700; United States v. Johnston, 6th Cir. 1963, 318 F.2d 288; United States v. Mitchell, 2nd Cir. 1966, 354 F.2d 767; United States ex rel. Davis v. McMann, N.D.N.Y.1966, 252 F.Supp. 539; Thurston v. Maxwell, 3 Ohio St.2d 92, 209 N.E.2d 204 (1965); People v. Crovedi, Cal., 53 Cal.Rptr. 284, 417 P.2d 868 (1966).

the defendant was prejudiced by not having court-appointed counsel; whether the defendant was indigent; whether the failure to obtain counsel of the accused's own choice resulted from his negligence or inaction; whether there was substantial administrative inconvenience and whether the continuance sought was reasonable or unreasonable when weighed against the requirement of a speedy trial.

More in point are those cases which deal with an accused who is indigent. These include: Cleveland v. United States, 1963, 116 U.S.App.D.C. 188, 322 F.2d 401; United States ex rel. Allen v. Rundle, E.D.Pa.1964, 233 F.Supp. 633, cert. denied Allen v. Rundle, 382 U.S. 857, 86 S.Ct. 109, 15 L.Ed.2d 94; United States ex rel. Higgins v. Fay, S.D.N.Y. 1966, 252 F.Supp. 568; People v. Faracey, 46 Misc.2d 46, 259 N.Y.S.2d 1 (1965); People v. Lepur, 175 Cal.App.2d 798, 346 P.2d 914 (1960). United States ex rel. O'Neill v. Rundle, E.D.Pa.1964, 230 F.Supp. 323, affd. 3 Cir., 341 F.2d 303; Vitoratos v. Maxwell (Cir. 6, 1965) 351 F.2d 217.

In Cleveland v. United States, supra, an attorney was appointed for the accused on July 21, 1961. The case was set for trial on August 16 and on August 15 the defendant moved for a mental examination. This was granted and thereafter the trial was continued three times in an effort to obtain the hospital report. Finally the cause came on for hearing on January 19, 1962. On this occasion the appointed lawyer advised the court that the defendant, had sought the assistance of a lawyer from the Georgetown Law Center intern organization. This attorney was allowed to enter his appearance, whereupon, the appointed lawyer withdrew. The cause was then set for trial on February 10, and on the appointed day the defendant appeared with the intern, together with still another lawyer who proposed to enter his appearance if the court would grant a two-day continuance. This request was denied. The case proceeded to trial notwithstanding the dissatisfaction of the defendant. The Court of Appeals of the District of Columbia said:

"Counsel urges that when the constitutional right is pitted against the inconvenience of delay a substantial presumption must be indulged in favor of the former. This is true, but in the case at bar Cleveland is not asserting a bare right to counsel or to choose his own counsel. He is asserting a right to a *third* choice. He had first chosen to have the court appoint counsel for him; this was done. He then chose to have a lawyer from the Intern program; this was granted. Then on the day of trial he advanced a third choice, i. e., retained counsel. The problem here is not the right to counsel or the right to counsel of the defendant's choice. It is whether another continuance was required to allow the defendant to exercise the right to a third choice. We think that, under the circumstances of this case, the assignment judge could reasonably have concluded that it was not."

Similarly, in United States ex rel. Allen v. Rundell, supra, the defendant sought removal of court-appointed counsel on the day of trial. The District Court for the Eastern District of Pennsylvania denied the petition citing Ungar v. Sarafite, supra. Also in United States ex rel. Higgins v. Fay, supra, the defendant sought to discharge his lawyers during the trial. Thereafter the accused proceeded *pro se*. In granting a writ of habeas corpus, the District Court for the Southern District of New York held that he had never waived the right to counsel and that he had been forced to trial without a lawyer and he was thus deprived.

People v. Lepur, supra, is similar on its facts to United States ex rel. Higgins v. Fay, supra. But, in *Lepur* the court-appointed counsel represented the accused notwithstanding that he had sought to discharge him and the court denied the writ.

In People v. Faracey, supra, the accused sought to discharge the appointed lawyer and to retain his own on one of

his first appearances in court. The motion was denied and here the New York court granted the relief on the ground that the trial judge had been arbitrary. The accused made the request on his very first appearance in court following his arraignment. It was held that the refusal of the court to extend time to employ counsel was arbitrary and unreasonable.

In both Vitoratos v. Maxwell, supra, and United States ex rel. O'Neill v. Rundle, supra, the accused initially unsuccessfully sought to employ his own lawyer. In each instance the court assigned lawyers and denied continuances so as to give further opportunity to employ counsel. In *Vitoratos* the defendant represented at his arraignment that he had retained a lawyer. The court nevertheless found that he was indigent and appointed a lawyer. The case was tried three weeks later and at that time the accused was still trying to raise money to hire his own lawyer, being dissatisfied with the court's appointee. The court denied his request to make phone calls so as to raise money to hire a lawyer, which request was made on the day of trial. This ruling was upheld by the Court of Appeals for the Sixth Circuit as a proper exercise of discretion. The holding was that the defendant was seeking to delay the trial.

Similarly in *O'Neill* the defendant undertook from the first to employ his own lawyer. He made an extensive but unsuccessful effort to raise money through family and friends. Thereafter the court appointed the public defender who advised a plea of guilty. On the day of trial defendant asked for time to hire a lawyer, stating that he did not wish to plead guilty and did not desire to be represented by the public defender. Another lawyer was assigned and he also advised that a plea of guilty be entered. Defendant refused to so plead. The new lawyer withdrew and the public defender was reappointed. Defendant refused to accept him and proceeded to represent himself. He was, of course, convicted. Nevertheless, the District Court for the Eastern District of Pennsylvania denied the petition reasoning that time had been granted to retain a lawyer and competent counsel had been offered.

In the case at bar the defendant was, judging from the record of proceedings, well represented by his assigned counsel. This does not of itself, however, rule out the possibility of violation of his constitutional rights. If he has been denied counsel altogether or if he were unreasonably denied a right to counsel of his choice, prejudice need not be shown. It is presumed. Thus, the question is a sensitive one which demands the close scrutiny which we have attempted to give it.

We have concluded from our inquiry that the trial court did not in the circumstances abuse its discretion. Mr. Andrews, the attorney who had been contacted, did not actually enter his appearance in the case. He merely offered to do so if the case were set on a date agreeable to him. When that would have been was not revealed. The judge offered him three different dates, none of which were acceptable. Mr. Andrews offered none. Moreover, when it became apparent that Andrews was not available, the defendant had ample time and could have employed some other man of his choice if indeed funds were available to him and it is questionable whether adequate funds were. The record suggests that the tender of services was conditional not only on an effective date but possibly also on further funds being forthcoming. If Mr. Andrews' employment had been fully completed, one would have expected him to enter his appearance. This he did not do. The trial court expressed the view that the defendant was not in good faith when it observed:

"If you want to engage Mr. Andrews, that is your business, but you told me that you didn't have funds and now all of a sudden you come up with funds. Somebody hasn't been telling me the truth."

We conclude that the denial of the motion for continuance was not in the circumstances an abuse of discretion. The cases

teach that the trial judge need not, in the course of upholding the constitutional right here in question, abdicate his traditional role whereby he allows an accused person to call the turns. The judge is entitled to retain control of his docket, and while he must go part of the distance to protect and uphold the rights of the accused, he need not, in all circumstances at least, go the whole way.

The petition for writ of habeas corpus is denied. The order to show cause is discharged and the cause is dismissed.

The Attorney General will submit a separate judgment of dismissal for the court's signature.