## PEOPLE v. SMITH.

(Supreme Court, Appellate Division, Second Department.   June 25, 1896.)

LARCENY—EVIDENCE.

On trial for larceny, the defense that defendant received money from complainant as a loan, and not for the purpose of investing for her, is established by letters, written by complainant to defendant and others, referring to the transaction as a loan to defendant, and by a complaint, verified by plaintiff, in an action by her to recover the money from defendant, in which she alleges that the money was loaned defendant.

Appeal from court of oyer and terminer, Kings county.

William H. Smith was convicted of grand larceny in the first degree, and appeals.   Reversed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Joseph G. Gay, for appellant.

Foster L. Backus, Dist. Atty., for the People.

BARTLETT, J.   This record leaves no doubt as to the immorality of the defendant's conduct towards the complainant, whose affection he won and whose money he took; but it does give rise to a very serious question,—as to whether that conduct comes within the condemnation of the criminal law.   He was not guilty of grand larceny, unless he received the complainant's $1,500 for investment, and not merely as a loan; and the jury, by their verdict, must be deemed to have affirmed the proposition that the money was placed in the defendant's hands upon his agreement to invest it in her behalf, and was not simply loaned to the defendant as a personal favor. This conclusion, however, seems to me to have been clearly against the evidence, within the meaning of subdivision 6 of section 465 of the Code of Criminal Procedure.   Numerous letters from the complainant to the defendant were read upon the trial.   In these the transaction is referred to many times, and invariably in such terms as to indicate that it was a loan, and nothing else.   Thus the prosecutrix, in a letter to a third person, speaks of "the $2,400 that I lent him [meaning the defendant] to do business with."   Writing to the defendant himself she says: "I would have gone to the World's Fair if I had my money that I lent you;" and in another letter she says:   "Will, I want to feel that this money is not buying your love." How she could suppose that her money might have any such influence, if the defendant was merely to purchase some corporate shares for her with it, and derive no personal benefit from its use, is not apparent.   Finally she writes him: "I want no more of your damn fooling.   I want my money.   You did not do as you said when you got it, for you said that you would give me good security, and you gave me nothing."   This statement distinctly characterizes the transaction as a loan, for the giving of security could not have been contemplated or mentioned if the money had been paid to the defendant simply to invest.   The letters in which these passages are found were written at a time when the complainant had no mo-

tives, vengeful or otherwise, for misrepresenting the facts, and, to my mind, they afford very cogent proof, indeed, that she lent the money to the defendant, and did not intrust it to him for investment. Still further written evidence, to the same end, is furnished by a complaint which she verified in an action wherein she obtained judgment against the defendant for this and other money. In that complaint she alleged that the money had been loaned and advanced to the defendant, to be repaid in six months, with interest. In verifying this pleading the complainant must have sworn falsely, if her testimony on the trial of the present case was true.

Under the Code of Criminal Procedure the trial court is empowered to grant a new trial upon the application of the defendant when the verdict is contrary to law or clearly against evidence. Code Cr. Proc. § 465, subd. 6. The record before us shows that after the jury rendered their verdict the defendant moved to set it aside, as not in accordance with the evidence, which motion was denied, and the defendant duly excepted. This motion was equivalent, I think, to a motion for a new trial under the section cited. Its denial is brought up for review by the appeal from the judgment. People v. Mangano, 29 Hun, 259. While the case was most fairly tried, and there were no errors whatever in the rulings of the learned trial judge in respect to evidence or in his charge to the jury, the verdict was so clearly against the evidence contained in the complainant's own written declarations that the motion for a new trial ought to have been granted on this ground.

Judgment reversed, and new trial ordered. All concur.