Irwin D. Davidson, J.
Petitioner moves by writ of error coram nobis to vacate and set aside his conviction after trial of the crime of manslaughter in the first degree and the judgment of the court dated June 28, 1944, sentencing him, as a second felony offender, to State prison for a term of 15 to 25 years. *941 He alleges that after the jury had returned its verdict of guilt, his attorney reserved motions to the date of sentence. On the sentence day, his trial attorney being absent, the court assigned another attorney to represent him. The sentencing minutes show that prior to the imposition of sentence this attorney said nothing on the record, nor did he make any motions to vacate and set aside the verdict of the jury under section 465 of the Code of Criminal Procedure. The petitioner did not then object to the court’s assignment of counsel to him in the absence of his trial attorney. Petitioner now urges that he was denied due process of law because “his own properly prepared counsel was not given the opportunity to present pertinent important motions in his behalf ”; that he was “forced to continue on trial without being granted time to properly prepare any defense in conjunction with his newly assigned attorney.”
A motion under section 465 of the Code of Criminal Procedure, to set aside the jury verdict as contrary to law or clearly against the evidence is statutory, and such motion may only be granted where a substantial right of a defendant has been prejudiced (People ex rel. Jerome v. Court of General Sessions, 185 N. Y. 504). Furthermore, under section 466 of the code, such motion must be made before sentence is imposed except where it is made on the ground of newly discovered evidence pursuant to subdivision 7 of section 465.
Assuming that in the light of the trial record such motions, if made, would have been properly denied, does the mere fact that assigned counsel neglected, failed or refused to make such motions, or even that such motions were not made because assigned counsel was unaware of the trial attorney’s reservation of the right to make such motions, constitute a deprivation of a substantial right sufficient to sustain the writ?
While it is true that where a defendant appears by an attorney, the court has no power to assign counsel (People v. Price, 262 N. Y. 410) may the court nevertheless, in view of the unexplained absence of trial counsel, assign a substitute attorney to represent a defendant on sentence?
People v. Price (supra) is to be confined to its particular facts. The right there involved was the right to prepare and prosecute an appeal to the Court of Appeals. Here the function of the attorney on sentence day was merely to complete the record, and such motions under section 465 of the Code of Criminal Procedure, if made, would have been denied. Imposing sentence is to be distinguished from a trial or an appeal. The circumstances of this case are to be distinguished from People v. Koch (299 N. Y. 378), in which a trial was forced on a defendant with *942 out adequate opportunity for counsel to prepare a defense, or People v. Silverman (3 N Y 2d 200), where an issue of fact was raised concerning the adequacy of the opportunity given to defense counsel to prepare for trial.
The procedure followed in the instant case shows that the court on sentence proceeded on the basis that the jury verdict was correct and that it was not contrary to law or clearly against the evidence. In the consideration of this application the court has examined and carefully scrutinized the trial record as if this application had been granted and the motions made. On the basis of the resulting analysis the court is convinced that in the present case at least such motions would have no support in the record and their denial would properly follow. Accordingly, the absence of such motions in the record to set aside the jury verdict cannot, without more, be deemed violative of any substantial right of the defendant. In addition, the correctness of the jury verdict was reviewable on appeal (People v. Smith, 6 App. Div. 234). But no such appeal was ever taken.
Such failure to make the motions under section 465 of the Code of Criminal Procedure, at most was an irregularity which would not entitle the petitioner to relief by coram nobis.
Coram nobis may not be used as a vehicle for an additional appeal or a belated motion for a new trial (People v. Shapiro, 3 N Y 2d 203.)
Petitioner’s motion is in all respects denied.
The District Attorney is directed to submit an order in conformity with this decision and serve a certified copy upon the petitioner in the place where he is confined.