[Crim. No. 6868. Second Dist., Div. Two. Sept. 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN JOSEPH MULLANE, Defendant and Appellant.

Humberto Garcia, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Our original opinion in this case was filed on July 18, 1960, and for a statement of the factual background and the issues, reference is made thereto. (*People* v. *Mullane*, 182 Cal.App.2d 765 [6 Cal.Rptr. 341].)

In accordance with procedure formerly followed, we made an examination of the record for the purpose of determining whether or not counsel should be appointed to represent appellant on his appeal. We then concluded that such appointment would be neither advantageous to appellant nor helpful to this court. However, upon motion of appellant, following the decision in *Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], the remittitur heretofore filed was ordered recalled and present counsel was appointed.

Although appointed counsel has fulfilled his duties conscientiously and with commendable zeal, his brief filed herein has suggested no error or inaccuracy in any of the statements or rulings made in our earlier decision. Insofar as the assignments of error therein considered may be deemed reasserted on this second hearing, our decision heretofore rendered is hereby adopted in its entirety as the present judgment of this court. However, appointed counsel has reframed and enlarged somewhat upon the arguments previously made. For this reason certain additional comments are deemed appropriate.

Initially, it has been suggested that the attorney employed by defendant to represent him in the court below

gave him only "pro forma" or "token" assistance and not the "effective" assistance required to meet constitutional requirements. However, the record definitely refutes this assertion of appellant. It reveals that counsel selected by appellant represented him at each stage in the proceedings that culminated in the probation and sentence hearing here being considered. It cannot fairly be said that counsel made only a "pro forma" appearance without having adequate time to become acquainted with the facts and with any defenses appellant might have considered available to him.

In fact, the record indicates that although appellant had paid counsel nothing for services theretofore rendered, counsel announced on the trial date a readiness to proceed to trial upon appellant's initial plea of "not guilty", and requested a jury trial and gave a time estimate of four or five days. Such actions certainly did not indicate any lack of concern for appellant's rights or any inclination lightly to waive them.

Secondly, it is now argued that the trial court abused its discretion in refusing to grant the motion of appellant's counsel to be relieved, made at the time of the probation and sentencing hearing, and in denying appellant's motion for leave to withdraw his plea of "guilty" made at the same time.

These contentions likewise are unsupported by the record. The sole ground suggested for the motion of appellant's trial counsel to be relieved is the conceded fact that said counsel, quite correctly, felt that upon the facts then appearing there was no legal basis upon which appellant could withdraw his plea of guilty, and that even if the court should, in its discretion, grant such a motion, it would not be in appellant's best interests.

Appellant himself, however, did not request a substitution of attorneys, and, when questioned by the trial court in regard to the motion, he indicated no dissatisfaction whatsoever with the quality of his counsel's services or advice. His sole statement in this connection was: "May I put it this way, your Honor; Mrs. Katz has not received any money yet at all, and I don't feel it is fair to force her to continue with the case without it, and I do not have it to give to her." The trial court then properly stated: "If that is the only basis, then, the request for Mrs. Katz being relieved will be denied." Clearly, no abuse of discretion here appears.

When thereafter asked upon what basis appellant felt that he should be allowed to withdraw his former plea and his admissions, he stated: "Your Honor, before we go any further, I don't understand entirely [the deputy district attorney's] insistence in regard to the weapon at the time of the crime and then in regard to the weapon at the time of my arrest. These things I don't fully understand. At the time that this thing came up, *I understood I was to plead guilty to a count of first degree robbery,* and that was it. Then, the next thing I knew [the deputy district attorney] was throwing guns all over the courtroom."

Both appellant and his counsel explained to the court that what was intended to be conveyed by this statement was appellant's belief that his admission regarding his possession of a sawed-off shotgun at the time of his arrest should not have been received because he would not have made such admission if the officers had not discovered the weapon as the result of an illegal search and seizure.

Even assuming that such suggestion might have had some possible merit, it still would have provided no sufficient basis for setting aside the plea of guilty to first degree robbery while armed with a deadly weapon. Appellant affirmatively stated that he knew at the time he entered his plea that he was not eligible for probation in view of his prior conviction and the nature and manner of commission of the crime with which he was then charged. The fact that in addition thereto he was armed at the time of his *arrest* would not be determinative of his eligibility for probation (Pen. Code, § 1203), or the subsequent determination of the minimum term of his imprisonment (Pen. Code, § 3024).

The judgment of conviction is affirmed.

Fox, P.J., and Ashburn, J., concurred.

A petition for a rehearing was denied October 11, 1963, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1963.