■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY DE FRANK, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 4, 1965, convicting him of attempted burglary in the third degree and petit larceny, upon a plea of guilty, imposing sentence on the burglary count and suspending sentence on the petit larceny count. Defendant's appeal has brought up for review an intermediate order of said court, entered April 9, 1965 after a hearing, which denied his motion to suppress certain evidence, allegedly obtained as a result of unlawful search and seizure (see Code Crim. Pro., § 813-c). Judgment and order affirmed (People v. Moschitta, 25 A D 2d 686; People v. Hoffman, 24 A D 2d 497). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY FITCH, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered March 18, 1965, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered May 26, 1959 convicting him of robbery in the first degree (unarmed), upon his plea of guilty, and imposing sentence. Order reversed, on the law; application granted to the extent of vacating the sentence; and action remanded to the court below for resentencing. No questions of fact have been considered. In our opinion, the peremptory substitution, at the time of sentencing, of assigned counsel in place of defendant's absent retained counsel, without defendant's express consent, deprived defendant of a substantial constitutional right (N. Y. Const. art. I. § 6; cf. People v. Hannigan, 7 N Y 2d 317; People v. Silverman, 3 N Y 2d 200; People v. Price, 262 N. Y. 410; People v. Page, 17 A D 2d 782; People v. Di Salvo, 19 A D 2d 747). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.