418 P.2d 161

**Silverio AGRAAN, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Honorable Judges John P. Collins, Lee Garrett, and Robert O. Roylston, Judges thereof, Respondents.**

**No. 2 CA–CIV 219.**

Court of Appeals of Arizona.

Sept. 21, 196~.

Rehearing Denied Oct. 27, 1966.

Jose del Castillo, Tucson, for petitioner.

Gordon S. Kipps, City Atty., John O. Franklin, Asst. City Atty., Tucson, for respondents.

HATHAWAY, Judge.

Silverio Agraan, petitioner herein who is illiterate and speaks little English, was tried and convicted in the Tucson City Court of driving while under the influence of intoxicating liquor, a violation of A.R.S. § 28–692, as amended. He was sentenced to ten days in the city jail, ordered to pay a fine of $100 and lost his driver's license privilege. He appealed the conviction to the superior court of Pima County and the case was set for trial.

Sometime during the above proceedings petitioner, who had retained Mr. del Castillo, became indigent. Several times Mr. del Castillo's motions to withdraw as counsel on the ground that petitioner was indigent and unable to pay him were denied by respondents, judges of the superior court. Even though the superior court found that the petitioner was indigent, the court denied a motion to assign Mr. del Castillo as court appointed counsel at state expense, because petitioner was not charged with a serious misdemeanor.

Silverio Agraan filed a petition for writ of prohibition in this court against respondents, judges of the superior court of Pima County, who proposed to deny him court appointed counsel for the trial of the offense charged. We granted an alternative writ of prohibition restraining the superior court from trying petitioner until further order by this court. Then respondents herein applied for a writ of prohibition in the Arizona Supreme Court to prohibit the Court of Appeals from proceeding further in the matter. The writ was denied by the Arizona Supreme Court.

Assistance of counsel as guaranteed under the Sixth Amendment has been held an essential jurisdictional prerequisite to a valid conviction. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Thus, we feel that prohibition is an appropriate remedy to test a party's right to assignment of counsel.

Respondents contend that the question of petitioner's right to assignment of counsel is improperly before us, because the petitioner is represented by counsel and reviewing courts cannot render an advisory opinion as to the rights of non-litigants.

Until retained counsel voluntarily withdraws, the court cannot assign counsel since the defendant has an attorney. People v. Price, 262 N.Y. 410, 187 N.E. 298 (1933). To this proposition the New York court in People v. Silverman, 3 N.Y.2d 200, 165 N.Y.S.2d 11, 144 N.E.2d 10 (1957) added "without the express consent of the accused." A common thread runs through Silverman and the cases citing it—the defendants have objected to representation by

assigned counsel, in place of their retained counsel. See People v. Walker, 26 Misc.2d 940, 206 N.Y.S.2d 377 (1960); People v. Faracey, 46 Misc.2d 46, 259 N.Y.S.2d 1 (1965); People v. Fitch, 25 A.D.2d 783, 269 N.Y.S.2d 521 (1966). Contradistinctively, petitioner here objects to representation by his retained counsel.

■ Of course, petitioner has counsel because respondents refuse to allow his retained counsel to withdraw. The real person whose foot is pinched by the rulings below is petitioner's counsel, whose petitions to withdraw have been denied. Since it is respondents' refusal to allow retained counsel's withdrawal that precludes petitioner's possible right to assignment of counsel, we will review the denial of the motions to withdraw. Counsel's motions to withdraw are directed to the court's discretion, People v. Mullane, 182 Cal.App.2d 765, 6 Cal.Rptr. 341 (1960), aff'd, 220 Cal.App.2d 637, 34 Cal.Rptr. 33 (1963). Prohibition lies when the court exceeds its jurisdiction by abusing its discretion. Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966).

In considering a similar motion to withdraw, the California appellate court in People v. Mullane, supra, held there was no abuse of discretion when the motion was denied. There, the motion was based on counsel's feeling that the accused could not legally withdraw his guilty plea, and on statements made by the accused that he had no funds to pay his counsel and that he felt it was unfair for counsel to proceed without pay.

■ We hold that respondents did not abuse their discretion by denying the motions to withdraw and did not err by refusing to assign counsel when petitioner had counsel. Consequently, we need not consider other matters raised by petitioner.

For the reasons stated, the alternative writ of prohibition is quashed.

KRUCKER, C. J., and MOLLOY, J., concur.