# Supreme Court of the Navajo Nation

**Navajo Nation, Plaintiff,**
**v.**
**Peter MacDonald Sr., Defendant,**
**and concerning**
**F.D. Moeller, Val R. Jolley,**
**Randall S. Roberts and William J. Cooley, Petitioners,**
**v.**
**The Honorable Robert Yazzie,**
**District Judge of the Window Rock District Court,**
**Respondent.**
**Decided September 21, 1990**

## OPINION

Before TSO, Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Val R. Jolley, Esq., Farmington, New Mexico, F.D. Moeller, Esq., Farmington, New Mexico, Randall S. Roberts, Esq., Farmington, New Mexico, and William J. Cooley, Esq., Albuquerque, New Mexico, Pro se, Petitioners; and David S. Abeyta Sr., Esq., Navajo Nation Department of Justice, for the Navajo Nation.

Opinion delivered by TSO, Chief Justice.

The matters before the Court are an appeal, application for a writ of prohibition, and motion for emergency setting of appeal. The Navajo Nation opposes both the appeal and the application for a writ of prohibition.

The essence of both the appeal and the application for a writ of prohibition is the contention of four criminal defense attorneys, F.D. Moeller, Val R. Jolley, Randall S. Roberts, and William J. Cooley (petitioners) that the district court's refusal to permit them to withdraw as counsels for Peter MacDonald Sr. denies them due process and equal protection of the law.

For the reasons set forth in this opinion, the court denies the appeal and remands the matter to the district court for the entry of findings so that this Court may properly entertain the application for a writ of prohibition.

## APPEAL

The notice of appeal, filed on September 14, 1990, is from a September 12, 1990 order of the Window Rock District Court which denied attorneys Jolley, Roberts, Moeller, and Cooley's motion to withdraw. That order also states that an alternative motion by those attorneys for compensation has been taken under advisement. The record does not show whether the motion has been decided.

The right to file an appeal is granted and fixed by 7 N.T.C. § 801(a) (1985). That statute requires that an individual be "aggrieved by any final judgment or other final order of a District Court of the Navajo Nation." Section 801(b) requires that the Supreme Court accept or deny an appeal.

A party may appeal only a final judgment or order, and interlocutory appeals are not allowed. *Chuska Energy Co. v. Navajo Tax Comm'n*, 5 Nav. R. 98, 103 (1986); *Billie v. Abbott*, 5 Nav. R. 201, 203 (1987); *McClellan v. McClellan*, 5 Nav. R. 204, 205 (1987).

This appeal is taken from an order denying relief (withdrawal of counsels) during the pendency of criminal prosecutions. There has been no final order or judgment. Even if such appeals are allowable, by its own terms the district court order of September 12, 1990 is not "final." The face of that order shows that the motion before the court was a "Motion To Withdraw, or In The Alternative, Motion for Compensation." While the motion to withdraw was denied, the alternative motion is apparently still under consideration.

Therefore, pursuant to 7 N.T.C. § 801(b), the appeal is denied.

## WRIT OF PROHIBITION

The four attorneys also seek a writ of prohibition, obviously sensing procedural flaws with the appeal. This Court has original jurisdiction to issue extraordinary writs, including the writ of prohibition, pursuant to 7 N.T.C. § 303. *Yellowhorse v. Window Rock Dist. Ct.*, 5 Nav. R. 85 (1986). Rule 26(a) of the Navajo Rules of Civil Appellate Procedure (NRCAP) governs the procedure for applying for a writ of prohibition.

The initial issue we must address is whether a ruling denying an attorney's motion for withdrawal is the kind of question which should come before this Court by means of a petition for a writ of prohibition. The Court accepts as precedent the decision in *Agraan v. Superior Court of Pima County*, 4 Ariz. App. 141, 418 P.2d 161, 162 (1966). Agraan was charged and convicted of driving while under the influence of intoxicating liquor in the Tucson City Court. He took an appeal to the Superior Court of Pima County, and the case was set for trial. Agraan retained his own attorney, and while the appeal was progressing Agraan became indigent. On several occasions the attorney attempted to withdraw on the ground that his client was indigent and thus unable to pay him. Although the trial court found that Agraan was indeed indigent, it refused to

assign the attorney as court-appointed counsel at state expense. The Arizona Court of Appeals ruled that a petition for a writ of prohibition is the appropriate remedy to test a party's right to assignment of counsel and it held that the respondent trial court and judges did not abuse their discretion by denying the motions to withdraw and refusing to assign counsel. We therefore hold that the petitioners' application for a writ of prohibition in this case is proper.

The problem with this petition is the state of the record before the Court. Rule 26(a), NRCAP, requires a petitioner for a writ of prohibition to not only file a copy of the order complained of, but "parts of the record which [are] necessary for an understanding of the matters set forth in the petition." Both the petitioner attorneys and the Navajo Nation have filed briefs which are full of statements of facts, but a record showing those facts is not before the court.

From the record that is before the Court, it appears that the petition may be premature. The order indicates that there was an alternative motion, and only one of the two items of relief sought by the motion has been addressed. The question of compensation does not appear to have been resolved. Thus, the petition is not ripe for decision and the record before the Court is inadequate. Appellate courts, which includes this Court, do not normally conduct evidentiary hearings, and their review by way of prohibition is based upon the record.

Another problem is that the reasoning of the district court for its denial of leave for counsel to withdraw is not in the record. While this Court could deny the petition for a writ of prohibition on the procedural defects already mentioned, these petitioners raise what appear to be very serious allegations of the denial of rights under the Navajo Nation Bill of Rights and the Indian Civil Rights Act. Appellate courts will not normally reach constitutional issues if the true question is one of application of law, and constitutional issues cannot be considered in the abstract way that they have been raised here.

The statute applicable to the questions before the Court is 7 N.T.C. § 606, and it provides (in petiinent part):

> Every defendant in a criminal case shall have the right to have representation by legal counsel and in the event he has no such representation, he may proceed without legal counsel or a legal counsel may be appointed by the judge.

The right to counsel is an important one, and the present record does not show what weight or consideration the parties or the trial court have given it. This Court does not have the benefit of a record or findings on issues such as the weight given to the right to counsel, the availability of other counsel, or the appointment of other counsel. Again, this court does not know the disposition of the compensation issue.

Rule 31 of the Navajo Rules of Criminal Procedure provides:

> Whenever counsel has once appeared either in open court or by motion to represent a defendant, such counsel shall be responsible to the Court for his actions and shall not be allowed to withdraw from the case except by order

of the Court upon written motion naming new counsel and stating good cause.

This is the rule by which the petitioners are bound, and it is the rule which provides and measures the discretion of the trial court. The question is whether the petitioners have demonstrated good cause. "Good cause" must be measured by the defendant's right to counsel as well. Some unanswered questions regarding the rule include not only a showing of good cause, but efforts to seek new counsel (by either the defendant or the petitioners) and the extent to which the petitioners considered their responsibility to "be responsible to the Court" when they entered their appearances on behalf of the defendant.

The constitutional issues here are important as well. The record which is now before the Court contains only the district court order, and the petitioners did not provide the Court with very relevant portions of the record, namely the exhibits introduced at the hearing on September 12, 1990. While the petitioners claim violations of very important constitutional rights, there is not an adequate record demonstrating the factual foundations for their claim. What, precisely, is the nature of the asserted taking of property without just compensation? How is there an impairment of the legal services agreement as a contract? What is the full nature of a denial of equal protection, given the apparent fact the motion for compensation has not been ruled upon? To what extent did the petitioners anticipate the requirements of 7 N.T.C. § 606 and Rule 31 of the Navajo Rules of Criminal Procedure? How does Mr. MacDonald's right to counsel affect the claims of the petitioners? What is the damage, injury, or prejudice to both the defendant and the four petitioners if the requested relief is or is not granted? Is the evidence in support of the petitioners' motion credible? What is the relationship of the September 12, 1990 order to prior orders of the court dealing with the same or similar issues? Is there error induced by either party? How does the asserted injury to each attorney affect him? Are all four attorneys in the same situation, or are there differences in the prejudice, damage, or injury to each? These questions need to be considered by the trial court.

## MOTION FOR EMERGENCY SETTING AND PROCEEDING ON REMAND

The motion filed on September 14, 1990 asks for an "emergency setting of the appeal" and a hearing. Because the record for consideration of the issuance of a writ of prohibition is not before the Court and findings of fact and law are necessary, the district court must make those findings. It may decide to conduct a hearing for the purpose of receiving further evidence or argument, or it may make findings without such a hearing. It may also choose to receive the proposed findings of fact and law of the parties. Whatever procedure is used, this Court requires a full record.

Rule 26(a), NRCAP, requires the petitioners to prepare the record for further

proceedings, and they must satisfy that burden if they wish further consideration of their claims.

The motion for emergency setting is granted with respect to further proceedings on the alternative petition for a writ of prohibition. On remand the district court will advise counsel of its requirements for an adequate record on findings. Upon the filing of such findings, the petitioners shall be responsible for the compilation of a full record. The Navajo Nation may prepare its own additions to the record. Given the fact that there is a pending trial which is being delayed because of these proceedings, the findings by the district court will be filed with this Court on Monday, September 24, 1990, on or before 1:00 P.M., and that same day petitioners and the Navajo Nation shall simultaneously file the record and any supplemental briefs they may wish considered. When that process is completed this Court will assess the adequacy of the record and take further action as may appear necessary. This Court expects expedited action, but it will only be upon a good record and well-developed arguments of fact and law.

## ORDER

The appeal requested by the notice of appeal filed on September 14, 1990 is denied. The petition for a writ of prohibition will be decided in accordance with the foregoing considerations. This cause is hereby remanded to the Window Rock District Court for further proceedings in accordance with this Opinion.