NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JENNIFER M. LAYTON, *Petitioner/Appellee,*

*v.*

NATHAN EMERY LAYTON, *Respondent/Appellant.*

No. 1 CA-CV 25-0237 FC

FILED 03-24-2026

Appeal from the Superior Court in Maricopa County
No. FC2022-093314
The Honorable David E. McDowell, Judge

**AFFIRMED**

APPEARANCES

Ellsworth Family Law, PC, Mesa
By Glenn D. Halterman, Steven M. Ellsworth
*Counsel for Petitioner/Appellee*

Nathan E. Layton, Colorado Springs, CO
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

---

**G A S S**, Judge:

¶1 Nathan Layton, father, appeals the superior court's decree terminating his marriage to Jennifer Layton, mother. Father argues the following:

1. The superior court should not have allowed his lawyer to withdraw about 11 months before trial;

2. The superior court should have compelled the parties to participate in mediation; and

3. The superior court should have allowed his business valuation expert to testify and lay foundation for the expert's report even though father did not file a pretrial statement.

¶2 Because the superior court did not abuse its discretion on those 3 issues, the court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶3 The court views the facts in the light most favorable to upholding the superior court's ruling. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019).

¶4 Mother filed for divorce on July 28, 2022. The court entered temporary orders granting mother custody of the children, awarding mother child support and spousal maintenance and ordering joint legal decision-making. Seventeen months later, mother moved to amend the temporary orders seeking sole legal decision-making or granting her final decision-making authority, as well as modifying father's visitation. The superior court held an evidentiary hearing on that matter on January 29, 2024. The case went to trial on December 17, 2024, almost 11 months later. In the meantime, the superior court designated the case as complex.

**I.      The superior court allowed father's counsel to withdraw about 11 months before the trial.**

¶5          Before the temporary orders hearing, father's counsel sought the court's permission to withdraw over father's objection. The superior court addressed the motion at the hearing.

¶6          The motion to withdraw cited Ethical Rule 1.16(a)(1), which says, "the representation will result in violation of the Rules of Professional Conduct or other law." The motion then cited Ethical Rule 1.16(b), which says counsel can withdraw from representing a client if it will not harm the client's interests; the client persists on engaging in criminal or fraudulent actions; the client insists on actions counsel finds repugnant; the client fails to meet obligations after a warning; and there is good cause for withdrawal.

¶7          When the superior court asked father for his position, father claimed he needed to be defended and wanted his counsel to represent him. The superior court granted the motion, but required father's counsel to handle the temporary orders hearing before the withdrawal was effective. The superior court also asked father about finding new counsel. In response, father chose to represent himself.

**II.     The superior court decided not to order the parties to participate in mediation after asking for the parties' positions.**

¶8          The parties and the superior court discussed mediation during the pendency of the case. And though the superior court expressed it strongly preferred mediation, the superior court ultimately did not order mediation and instead proceeded to trial.

**III.    The superior court did not allow father's business valuation expert to testify and did not allow father to introduce the expert's report because he failed to file a pretrial statement.**

¶9          The superior court set deadlines for the business evaluation expert reports. When the court-appointed evaluator provided the report on June 20, 2024, the deadlines had become irrelevant because of matters beyond both parties' control. Even so, father did not retain a rebuttal expert until 3 months after the evaluator provided the report. Father's expert then did not complete the report until 2 months later. Father did not disclose the report to mother for almost another 2 weeks. And when father filed his witness list, he did not identify the actual expert.

¶10          In its minute entry scheduling the trial, the superior court said each party must submit a Pretrial Statement in accordance with Rule 76(C)(1) by December 10, 2024, and failing to submit on time without good cause may lead to sanctions, including the exclusion of evidence. Father did not do so.

¶11          During the trial, mother's counsel objected to father's expert testimony and the report. Though a missing portion of the trial transcript relates to the objection, the available portion shows the court heard from the parties. Mother's counsel explained to the superior court father was attempting to ambush the trial. Mother's counsel cited how father disclosed the report along with more than 3,000 other documents (about 6,000 pages total) on November 27, 2024, and 388 exhibits the day before the December 17, 2024 trial. Not only did father upload this evidence at the eleventh-hour, but he also failed to: (1) follow the superior court's order to file a pretrial statement; and (2) comply with the superior court's order to exchange the exhibits he was to use with mother.

¶12          The minute entry from that hearing documents the discussion and ruling: "Counsel makes an oral objection to Respondent's expert witness and exhibits. Discussion is held regarding the objection. Based off the information provided, **IT IS ORDERED** granting Petitioner's oral objection to Respondent's expert witness." Though the superior court referred to mother's oral objection, mother preserved that objection in her pretrial statement.

¶13          Father acknowledges the superior court excluded his expert and his expert's report because he failed to file a pretrial statement and absence of good cause for not doing so. Father acknowledged that fact in his Amended Opening Brief, saying: "[T]he trial court excluded the expert based on Appellant's failure to file a Pretrial Statement . . . ."

¶14          The court has jurisdiction over father's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## DISCUSSION

¶15          Father raises 3 issues on appeal:

1.  Did the superior court abuse its discretion when it allowed father's attorney to withdraw about 11 months before the trial?

2.  Did the superior court violate Maricopa County Local Rule 6.5 because it did not order mediation?

3.  Did the superior court violate father's due process rights when it excluded his valuation expert's report and did not allow the expert to testify at trial because father failed to file a pretrial statement?

**¶16** Before the court addresses those 3 substantive issues, the court addresses 2 preliminary matters: (1) the missing segment of the trial transcript and (2) father's failure to comply with Rule 13, Arizona Rules of Civil Appellate Procedure.

**I.      The court presumes the missing segment of the transcript supports the superior court's ruling because father did not seize the chance to secure, file, and serve a complete transcript in compliance with Rule 11.1, Arizona Rules of Civil Appellate Procedure.**

**¶17** The court presumes any missing transcripts would support the superior court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 108 ¶ 8 n.1 (App. 2005) (citing *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) and *Johnson v. Elson*, 192 Ariz. 486, 489 (App. 1998)). Father had to "mak[e] certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Baker*, 183 Ariz. at 73 (citing Ariz. R. Civ. App. P. 11(c)); *see also* Ariz. R. Civ. App. P. 11.1(d)(3) ("Within 5 days after receipt of a certified transcript from the certified reporter or authorized transcriber, the ordering party must serve a copy of the transcript on all other parties.").

**¶18** In his reply brief, father claims he "reasonably believed requesting 'the trial transcript' would produce the complete record. . . . When he received the transcript and saw the gap, he brought it to this Court's attention." The record does not support father's statements. The superior court issued a minute entry following the December 17, 2024 hearing, addressing that although the FTR (For the Record) recorder did not record from 01:37 p.m. to 02:02 p.m. because of a technical issue, the virtual recorder did. And a party of this proceeding who requests a recording would need to request the virtual recorder for that period as well.

**¶19** Though the superior court advised father of the technical issue with the recording and how father could secure a complete recording, father did not. Instead, father filed and served an incomplete transcript before the briefing, and he never corrected the error.

**¶20** Father thus did not comply with the Arizona Rules of Civil Appellate Procedure. As a result, father deprived mother of the chance to review the complete transcript before filing her answering brief. The court thus presumes the missing record supports the superior court's judgment. *See Kohler*, 211 Ariz. at 108 ¶ 8 n.1.

## II. Father's opening brief does not comply with Rule 13, Arizona Rules of Civil Appellate Procedure.

**¶21** "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). The court holds father, a self-represented litigant, to the same standards as an attorney and does not afford him special leniency. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017).

**¶22** Under Rule 13, the opening brief must set forward "a 'statement of the case' that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction" with "appropriate references to the record." Ariz. R. Civ. App. Proc. 13(a)(4). The brief also must cite any legal authority and make any substantive argument. Ariz. R. Civ. App. Proc. 13(a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). And a party waives claims by failing "to develop and support [the party's] conclusory arguments." *Boswell v. Fintelmann*, 242 Ariz. 52, 54 ¶ 7 n.3 (App. 2017).

**¶23** Mother argues father waived his arguments on appeal because his opening brief does not conform with Rule 13, Arizona Rules of Civil Appellate Procedure. Mother focuses on the inadequacies and hallucinations in father's citations that do not stand for the proposition he asserts. Father does not respond to mother's argument, mentioning it only when he objects to mother's request for attorney fees and sanctions. Even then, father's reply brief argues, despite the citation mistakes, the cases he cited in his opening brief "are all real, published decisions."

**¶24** The court highlights just a few times father's briefing does not bear out that statement, even after mother brought those errors to his attention. For example, father's briefing points to *Saucedo Lopez v. Burciaga*,

239 Ariz. 195 (App. 2016). But it is not a real case. And mother told him that in her answering brief. Father's briefing also cites to *In re Marriage of Dorman*, 9 Ariz. App. 387, 389, 452 P.2d 603, 605 (1969) about balancing an attorney and client's rights in a motion to withdraw. This is also not a real case, which mother also noted in her answering brief.

**¶25** Father's citations to the record also are lacking. Father includes citations to the transcript, but does not cite other aspects of the record, and left it to mother and to the court to dig for the relied on record documents.

**¶26** Self-represented "litigants in Arizona to the same standard as attorneys." *Flynn*, 243 Ariz. at 83 ¶ 24. Attorneys have ethical duties of candor to the court and to certify that representations made to the court are accurate. Ariz. R. Sup. Ct. 42, ER 3.3; Ariz. R. Civ. P. 11(b); *see also Mangan v. Mangan*, 227 Ariz. 346, 353–54 ¶¶ 29–32 (App. 2011) (sanctioning counsel for misrepresenting the record and relying on inappropriate legal authorities). Father's briefing does not meet the court's standards.

**¶27** For the above reasons, the court could sanction father, including striking his brief, under Rule 25, Arizona Rules of Civil Appellate Procedure, or treating father as having abandoned and waived his claims. *Ramos*, 252 Ariz. at 522 ¶ 8. But a self-represented litigant's "lack of legal knowledge [ ] may be relevant when assessing whether the [party] made a deliberate strategic decision rather than a mistake . . . ." *Flynn*, 243 Ariz. at 84 ¶ 25. Because father is self-represented, the court instead provides a warning that future infractions could result in such sanctions and exercises its discretion to decide this appeal on its merits based on its own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

## III. The superior court did not abuse its discretion when it allowed father's counsel to withdraw about 11 months before the trial.

**¶28** Father argues the superior court abused its discretion when it allowed father's counsel to withdraw. The court reviews for abuse of discretion the superior court's order granting a motion to withdraw. *See Coconino Cnty. Pub. Def. v. Adams*, 184 Ariz. 273, 275 (App. 1995) (citing *Agraan v. Superior Court*, 4 Ariz. App. 141, 143 (1966)).

**¶29** A motion to withdraw without the client's consent must comply with Rule 9(d)(2)(B)(ii), Arizona Rules of Family Law Procedure, which says the motion "must be served on the client and other parties" and "be accompanied by a certificate of the moving attorney that the client has

been notified in writing of the status of the action . . . ." The motion complied with those requirements.

###   A.   The superior court did not abuse its discretion when it did not ask about the specific facts underlying the counsel's request to withdraw.

**¶30**         Father argues the superior court should have required his counsel to give more facts to support his counsel's statements in the motion. But father's counsel cited ethical grounds for withdrawal.

**¶31**         The court has long recognized the limits on the superior court's inquiry into the grounds when the counsel's withdrawal request is based on Ethical Rule 1.16. *Maricopa Cnty. Pub. Def.'s Office v. Superior Court*, 187 Ariz. 162, 167 (App. 1996) (discussing Ethical Rule 1.6 and commenting on the rule about a lawyer's duty of confidentiality when seeking to withdraw). Comment 3 to Rule 1.16 notes though it is hard to withdraw because of a client's demand for unprofessional conduct without breaking confidentiality, "lawyers should be mindful of their obligations to both clients and the court" and maintain confidentiality, even if the court requests an explanation. Ariz. R. Sup. Ct. 42, ER 1.16, cmt. 3.

**¶32**         For that reason, the court has said even if the superior court wants an explanation for the withdrawal, "the lawyer may be bound to keep confidential the facts that would constitute such an explanation." *Maricopa Cnty. Pub. Def.'s Office*, 187 Ariz. at 167. As a result, the superior court ordinarily should accept as sufficient "[t]he lawyer's statement that professional considerations require termination of the representation." *Id.*

###   B.   The superior court did not leave father without counsel during a critical stage in the proceedings.

**¶33**         Father also argues the superior court's ruling left him unrepresented during a critical time and forced him to represent himself for the rest of the case. Not so.

**¶34**         First, the superior court required father's counsel to handle the temporary orders hearing. Though father is critical of his counsel's performance at that hearing, that is an issue between father and his counsel and not for the court here.

**¶35**         Second, father argues the superior court gave him "no time to search for, interview, retain, and bring new counsel up to speed on a complex case that had been pending for 18 months." But father had more

than 11 months before the trial. And the superior court offered to give father more time if he needed it to find a new counsel and allow that person to get up to speed. Father said he was not "comfortable hiring another attorney . . . . I'm going to represent myself. I'm not hiring another attorney."

¶36 If father remained self-represented for 11 months through trial, he was responsible for the representation he received, not the superior court. The superior court thus did not abuse its discretion when it granted the motion to withdraw.

**IV. The superior court did not abuse its discretion under Maricopa County Local Rule 6.5 when it did not order mediation after finding the parties were too far apart.**

¶37 Father argues the superior court abused its discretion because it chose not to order the parties to participate in mediation. Mother argues the superior court acted within the local rule when it decided not to order mediation because the parties positions were too far apart.

¶38 The court reviews for abuse of discretion the superior court's decision on whether to order mediation. *See generally Rutledge v. Ariz. Bd. of Regents*, 147 Ariz. 534, 543 (App. 1985) (citing *Hales v. Pittman*, 118 Ariz. 305, 313 (1978)) (recognizing the superior court's broad discretion in the conduct and control of court proceedings). "The [superior] court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the [superior] court's decision, is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5 (App. 2014) (quotation omitted). The court does not reweigh evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009).

¶39 To begin, mother correctly argues father's opening brief erroneously relied on repealed Maricopa County Local Rule 6.10. Setting that error aside, Maricopa County's current local rule 6.5.b provides: "All Family Court cases that involve a controversy over legal decision-making or parenting time shall be subject to mediation or open negotiation regarding those issues." Ariz. Local R. Prac. Super. Ct. (Maricopa) 6.5.b. Rule 6.5.a explains the reason for the rule: "The intent of this rule is to encourage the resolution of family-related cases through an additional non-adversarial alternative dispute resolution process created pursuant to the authority of Rule 68(E) of the Arizona Rules of Family Law Procedure." *Id.* at 6.5.a.

¶40   Father argues the superior court made an error of law when it decided it would not order mediation. To that end, father argues the "shall be subject to" language in Rule 6.5.b required the superior court to order the parties to participate in some form of alternative dispute resolution, specifically mediation. But Rule 6.5 does not mandate alternative dispute resolution. Instead, it says the parties must participate in alternative dispute resolution if the superior court orders it.

¶41   From statehood, Arizona has used the term "shall be subject to." But Arizona courts have not used father's proffered understanding of that term. *See Airport Props. v. Maricopa Cnty.*, 195 Ariz. 89, 99 ¶¶ 35–37 (App. 1999). The issue most often arises in the context of taxes. *See id.* In that context, the court has said: "The ordinary, natural and generally-understood meaning of the words . . . **shall be subject to** . . . is not at all equivalent to . . . **shall be**." *Id.* ¶ 36. As the court explained: "something is 'subject to' an influence or action does not communicate the idea that it is continuously and actively affected by that influence or action." *Id.* ¶ 37. "The meaning conveyed is, rather, that its situation is necessarily such that it may become so." *Id.*

¶42   And so it is with Rule 6.5.b. To paraphrase *Airport Properties*, just because the parties are "subject to" alternative dispute resolution does not mean the superior court is "continuously and actively" required to compel the parties to participate in alternative dispute resolution. *Id.* Just as the legislature may choose not to tax property subject to taxation, the superior court has the discretion to choose not to order parties to participate in alternative dispute resolution in cases subject to such resolution.

¶43   Consistent with that understanding, the second sentence in Rule 6.5.b shows the discretion granted to the superior court. It says, "The court or Conciliation Services shall determine whether mediation, open negotiation, or other services are appropriate in a particular case, unless the parties agree to mediation independent of the court." Ariz. Local R. of Prac. Super. Ct. (Maricopa) 6.5.b.

¶44   Father argues the superior court abused its discretion, claiming mediation was particularly important here because the parties and the superior court routinely discussed mediation. And though the superior court expressed its strong preference for mediation, it later used its granted discretion and chose not to make a referral.

¶45   Father argues that decision was error, arguing mediation "is most needed when parties are far apart and unable to negotiate on their

own." But the superior court asked the parties for their positions, saying it would consider them and order mediation if the parties' positions were not too far apart. After hearing from the parties, the superior court did not order mediation.

**¶46**        On this record, father does not identify an abuse of discretion. *See Michaelson*, 234 Ariz. at 544 ¶ 5. Instead, he asks the court to reweigh the evidence, which the court will not do. *See Hurd*, 223 Ariz. at 52 ¶ 16.

**V.     The superior court did not violate father's due process rights when it excluded his business valuation expert's report and did not allow the expert to testify at trial because father failed to file a pretrial statement.**

**¶47**        Father argues the superior court should have allowed his business valuation expert to testify about the expert's report. Mother argues a single fact independently supports the superior court's ruling: father did not file a pretrial statement identifying the expert or the report. Mother is correct.

**¶48**        The court reviews the superior court's sanctions regarding discovery and pretrial statement violations for abuse of discretion. *Seidman v. Seidman*, 222 Ariz. 408, 411 ¶ 18 (App. 2009). An abuse of discretion exists when the ruling lacks evidentiary support or when the superior court misapplies the law. *Woyton v. Ward*, 247 Ariz. 529, 531 ¶ 5 (App. 2019). This type of ruling rests on the weight of the evidence and witness credibility, which the court does not reweigh on appeal *Cf. Lehn*, 246 Ariz. at 283–84 ¶¶ 15, 19–20 (upholding an unequal allocation of community assets where one party hid income and assets). In considering the appropriate evidentiary sanction for this violation, the superior court should consider the effect of the sanction on the child's best interests' determination for legal decision making and parenting time. *Hays v. Gama*, 205 Ariz. 99, 102–03 ¶¶ 17–18 (2003). *Hays v. Gama* does not affect the outcome here because father does not cite that case and does not argue the excluded evidence involved the children's best interests. *See id.* Instead, the issue is the valuation of the community business.

**¶49**        Rule 76.2(a)(4), Arizona Rules of Family Law Procedure says, "the court . . . may impose sanctions if a party or attorney: fails to participate in good faith in . . . preparing a . . . pretrial statement." Rule 76.2(b)(2) then says: "Absent good cause for conduct described in (a), the court may enter sanctions including, but not limited to, the following . . . prohibiting the

disobedient party from supporting or opposing designated arguments, or from introducing designated matters in evidence."

**¶50** Father acknowledges the superior court excluded the evidence based on his failure to file a pretrial statement. Father challenges that reason, arguing the pretrial statement was nothing more than "a procedural filing that Appellant . . . did not understand was required . . . ."[1]

**¶51** But father's description is not accurate. The superior court told father he needed to file a pretrial statement and explained the consequences if father did not. The superior court considered father's failure to file a pretrial statement and concluded the appropriate sanction was exclusion of father's property valuation expert's testimony and report.

**¶52** On this record, the superior court did not abuse its discretion. *See Lehn*, 246 Ariz. at 284 ¶ 20 (noting appellate court does not reweigh conflicting evidence and defers to the court's credibility determinations).

## ATTORNEY FEES AND COSTS

**¶53** Mother requests attorney fees and costs on appeal under A.R.S. § 25-324. The court exercises its discretion and denies mother's request for attorney fees, but awards mother her costs upon her compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

**¶54** The court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

---

[1] Because the superior court expressly relied on father's failure to file a pretrial statement when it excluded father's expert and report, the court need not consider father's explanation for why he had good cause for not complying with other disclosure and discovery orders or rules.